IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA L. PORTER,              )

                        )

           Plaintiff,           )

                        )

v.                        )        Case No. 4:19-cv-02350-SPM

                        )

DAVID R. PORTER,          )        **JURY TRIAL DEMANDED**

                        )

           Defendant.       )

**DEFENDANT DAVID R. PORTER'S MOTION TO DISMISS PLAINTIFF'S PETITION**

Defendant David R. Porter ("Defendant"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7-4.01(A), hereby moves this Court for an Order dismissing Plaintiff Angela Porter's ("Plaintiff") Petition in its entirety for failure to state a claim upon which relief may be granted.  In support of his Motion to Dismiss, Defendant states as follows:

1.      In the midst of current dissolution proceedings, Plaintiff brings this action against Defendant, alleging that he accessed her iPad and iPhone without her authorization and monitored her texts and emails during their marriage.

2.      Plaintiff's Petition sets forth three separate causes of action against Defendant based upon these allegations:  Count I:  Invasion of Privacy (Tortious Intrusion on Seclusion); Count II:  Violations of the Missouri Computer Tampering Act (the "MCTA"), Mo. Rev. Stat. § 537.525; and Count III:  Violations of the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030(e)(2).

3.      Plaintiff's Count III for violation of the CFAA should be dismissed because Plaintiff fails to plead a recoverable loss required to state a civil claim.  In addition, her claims are

barred by the two-year statute of limitations.  Lastly, her request for punitive damages should be stricken as they are explicitly unrecoverable under the statute.

4.      In addition, Plaintiff's Count II under the Missouri Computer Tampering Act (the "MCTA"), Mo. Rev. Stat. §569.095, should similarly be dismissed because her claim is barred by the statute of limitations and because Defendant is considered an "owner" of the iPad and iPhone.

5.      Lastly, Plaintiff's Count I for invasion of privacy should be dismissed because the alleged conduct is not "highly offensive" to a reasonable person on its face, and is also barred by the statute of limitations.

6.      For the reasons stated herein and those set forth in Defendant's Memorandum in Support of his Motion to Dismiss, filed contemporaneously herewith and specifically incorporated herein, Plaintiff's Petition should be dismissed in its entirety.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting his Motion to Dismiss, dismissing Plaintiff's Petition in its entirety, awarding Defendant his attorneys' fees and costs incurred in filing this motion, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:      /s/ Tina N. Babel
         Tina N. Babel, #58247MO
         Lindsay Leible Combs, #63963MO
         120 South Central Avenue, Suite 1800
         St. Louis, Missouri 63105
         (314) 854-8600 Telephone
         (314) 854-8660 Facsimile
         tnb@carmodymacdonald.com
         ltl@carmodymacdonald.com

Attorneys for Defendant David R. Porter

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2019, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon the following:

Teresa Dale Pupillo / Amy E. Oslica
Blitz, Bardgett & Deutsch, L.C.
120 South Central Avenue, Suite 1500
St. Louis, Missouri 63105
 Attorneys for Plaintiff

_/s/ Tina N. Babel_____