IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA L. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-02350-SPM |
| | ) | |
| DAVID R. PORTER, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT DAVID R. PORTER'S MOTION TO DISMISS PLAINTIFF'S PETITION

In support of his Motion to Dismiss Plaintiff Angela Porter's ("Plaintiff") Petition, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7-4.01(A), Defendant David R. Porter ("Defendant") hereby states as follows:

### INTRODUCTION

In the midst of current dissolution proceedings, Plaintiff brings this separate action against her husband, alleging that during their marriage he accessed her iPad and iPhone and monitored her texts and emails. Plaintiff alleges that such access violated both her right to privacy (Count I) and federal and Missouri computer privacy laws (Counts II-III). Plaintiff's claims fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and should be dismissed for the following reasons:

- Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S. §1030 (the "CFAA"), is barred because Plaintiff fails to plead a recoverable loss required to state a civil claim and is barred by the statute of limitations; in addition, the request for punitive damages should be stricken because the statute states they are unrecoverable;

- Plaintiff's claim under the Missouri Computer Tampering Act, Mo. Rev. Stat. §569.095 (the "MCTA"), is barred because Defendant is considered an "owner" of the electronics and the claim is barred by the statute of limitations; and

- Plaintiff's claim for invasion of privacy fails on its face as such alleged conduct is not "highly offensive" to a reasonable person and is barred by the statute of limitations.

## PLAINTIFF'S FACTUAL ALLEGATIONS FROM HER PETITION[1]

Plaintiff and Defendant married in 1998.  *See* Petition, ¶ 1.  Thereafter, their marriage began to deteriorate.  *Id.*  At some unspecified time "during the course of their marriage," Plaintiff claims that Defendant "surreptitiously accessed" her cell phone and computer tablet without her knowledge or authorization and monitored her texts and emails.  *Id.* at ¶¶ 1, 7. Plaintiff alleges that Defendant accessed her iPhone without her knowledge "for months, if not years."  *Id.* at ¶ 8.  Plaintiff further alleges that at some unspecified time she "ultimately discovered" that Defendant was monitoring her communications.  *Id.* at ¶ 11.

## LEGAL ARGUMENT

**I.      Standard on Motion to Dismiss**

Plaintiff's claims against Defendant should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state clams upon which relief can be granted.  "The purpose of such a motion is to test the legal sufficiency of the complaint."  *Dumonceuax v. TIN, Inc.*, 2012 WL 3045675, at *1 (E.D.Mo. July 5, 2012).  When considering a 12(b)(6) motion, all factual allegations of a complaint are assumed to be true and construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  However, conclusory allegations are not to be construed

---

[1] For purposes of this Rule 12(b)(6) Motion only, the facts as alleged in Plaintiff's Petition are taken as true.  However, conclusory allegations set forth therein are not to be construed as true. *Ashcroft v. Iqbal*, 556 U.S. at 698-699 (2009).  Defendant reserves and does not waive any right to dispute the facts alleged in Plaintiff's Petition at any other point in this proceeding.

as true and a complaint will not suffice if it contains naked assertions devoid of factual enhancements. *See Twombly*, 550 U.S. at 554 and *Iqbal*, 556 U.S. at 698-699.

**II.     Plaintiff Fails to State a Valid Claim Under the CFAA (Count III) Because Plaintiff Fails to Plead a Recoverable "Loss" Under the CFAA.  The Claim Is Barred by the Statute of Limitations, and the Punitive Damages Request Should be Stricken**

   **A.     Plaintiff's Claim Under the CFAA Fails Because Her Loss Does Not Meet the Threshold Value Under the Statute**

To maintain a civil action under the Computer Fraud and Abuse Act (the "CFAA"), Plaintiff must show that Defendant's conduct falls under one of the factors set forth in subclasses (I), (II), (III), (IV) or (V) of subsection (c)(4)(A)(i).  18 U.S.C.A. §1030(g).  Here, it appears that Plaintiff is relying on subsection (c)(4)(A)(i)(I).  Petition, ¶ 35.  Therefore, to maintain her civil action, the alleged violation must have "caused loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value."  *Id.* at § 1030(c)(4)(A)(i)(I).  The CFAA provides that a qualifying "loss" under the statute means any reasonable cost to any victim, including (i) the cost of responding to an offense; (ii) conducting a damage assessment; (iii) restoring the data, program, system, or information to its condition prior to the offense; and (iv) any revenue lost, cost incurred, or other consequential damages incurred because of the interruption of service.  *Id.* at § 1030(e)(11).  The losses must be reasonably foreseeable result of the alleged CFAA violations, and any costs incurred as a result of measures undertaken to restore and resecure the computer system must be reasonably necessary in the circumstances.  *Global Policy Partners, LLC v. Yessin*, 686 F.Supp.2d 642, 647 (E.D.Va. 2010).  Accordingly, Plaintiffs' alleged damages must fall within this definition in order to qualify as a recoverable "loss" under the CFAA and therefore satisfy the $5,000 jurisdictional threshold.

In her claim alleging violation of the CFAA (Count III), Plaintiff asserts that she incurred damages of at least $5,000 due to "purchasing new electronic equipment and costs associated

- 3 -

with investigating and remedying the results of [Defendant's] conduct." *Id.* at ¶ 35. The purchase of new electronic equipment, however, cannot satisfy the threshold damages requirement as it is not a recognized loss. Though it is unclear what Plaintiff means by purchasing new equipment, it appears she is referring to the purchase of a new iPhone and/or iPad. Purchases of new electronics does not relate to responding to an offense, does not relate to assessing damages, does not relate to restoration of data, and is not lost revenue incurred because of the interruption of service. It therefore is not a recognized "loss" under the statute that satisfies the $5,000 aggregate. *See Global Policy Partners, LLC v. Yessin*, 686 F.Supp.2d 642 (E.D.Va. 2010) (wife could not state CFAA claim against husband because alleged damages were not reasonably necessary to restore or resecure the system); *Jarosch v. Am Family Mut. Ins. Co.*, 837 F.Supp. 2d 980, 1021-23 (E.D. Wis. 2011) (the plaintiff's claims under the CFAA failed because losses did not relate to the impairment or damage to a computer or computer system); *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562-63 (2d Cir. 2006) (finding no cognizable loss under the CFAA where damages related to lost revenue unrelated to interruption of service). In addition, Plaintiff does not allege that the losses were incurred in one year, as required under the statute. 18 U.S.C.A. § 1030(c)(4)(A)(i)(I).

For those reasons, she does not and cannot satisfy the CFAA's requirements for bringing a civil claim and Count III should be dismissed.

    **B.**    <u>**Plaintiff's CFAA Claim Is Barred by the Statute of Limitations**</u>

A civil claim under the CFAA is subject to a two-year statute of limitations period. 18 U.S.C. § 1030(g). Plaintiff alleges that Plaintiff and Defendant were married in 1989, and that at some point during the course of 21-year marriage, Defendant accessed her cell phone and computer tablet over a period of months, if not years. Petition, ¶¶ 1, 7. As the claims must have been brought within two years, and Plaintiff states it happened "during the course of the

marriage," which could have been many years prior to the filing of this Petition, Plaintiff has failed to state a cause of action under 18 U.S.C. §1030. *Tactical Personnel Leasing, Inc. v. Hajduk*, 2018 WL 4740195, *5 (W.D. Pa. Oct. 2, 2018) (dismissing complaint with prejudice where CFAA claim was barred by two-year statute of limitations).

      **C.**    **Punitive Damages Are Not Recoverable Under the CFAA and Should Be Stricken**

The CFAA provides the type of damages that are recoverable in a civil action, which includes certain compensatory damages, injunctive relief, and other equitable relief. 18 U.S.C. §1030(g). It specifically limits compensatory damages to economic loss. *Id.* The CFAA statute "does not include punitive damages" and is therefore not recoverable. *Mssre v. Bibiyan*, 2014 WL 2722849 at *4 (S.D.N.Y. June 16, 2014); *ATS Group, LLC v. Legacy Tank and Industrial Services, LLC*, et al., 2019 WL 3883559 (W.D. Ok. 2019) (parties conceding that punitive damages under CFAA are not recoverable); *Garland-Sash v. Lewis*, 2009 Fed.Appx. 639, 641 (2d Cir. 2009) (punitive damages are not recoverable in CFAA action). As a result, Plaintiff's request for punitive damages under the CFAA must be stricken. *See* Petition, ¶ 36 and WHEREFORE Clause.

**III.**    **Plaintiff Fails to State a Valid Claim Under the MCTA (Count II) Because Defendant Jointly Owned the iPad and iPhone That Were Allegedly Accessed and the Claim Is Barred by the Statute of Limitations**

To state a valid claim under the MCTA pursuant to Count II of her Petition, Plaintiff must show that Defendant knowingly and without authorization accessed her computer, computer system, or computer network, and intentionally examined information about another person, or received, retained, used, or disclosed any data they knew or believed was obtained in violation of the Act. Mo. Rev. Stat. § 569.095. The MCTA further provides that, "in addition to any other civil remedy available, **the owner** or lessee of the computer system, computer

network, computer program, computer service or data may bring a civil action against any person who violates sections 569.095 to 569.099." Mo. Rev. Stat. § 537.525 (emphasis added). A five-year statute of limitations applies to such cause of action. *Id.* at § 516.120(4).

In her claim alleging violation of the MCTA, Plaintiff claims that Defendant, at some indeterminate point in time during their 21-year marriage, violated the Act because he "intentionally accessed" Plaintiff's iPad and iPhone. *See* Petition, ¶ 23. Plaintiff also alleges that Defendant "received, retained, used, and/or disclosed data obtained" in violation of the Act and that, "[a]t no point did [Defendant] have authorization to access the information on [Plaintiff's] iPad and iPhone or alter her settings so that he could obtain such information." *Id* at ¶ 25.

First and foremost, Plaintiffs' claim must be dismissed under the five-year statute of limitations because the allegations relate to some unspecified time during their 21-year marriage. *See* Mo. Rev. Stat. § 516.120(4).

Secondly, because the iPad and iPhone were purchased during the marriage, they are considered to be martial property and thus, jointly owned by Defendant. *See* Mo. Rev. Stat. § 452.330.2. He is therefore considered an "owner" under the MCTA. Nothing under the statute allows one owner to sue another owner. Moreover, an owner is entitled to access his or her electronics, and cannot be said to access it without authorization, as required under the statute.

Based on Plaintiff's failure to adequately plead the requisite elements to state a valid claim under the MCTA, Count II of the Petition should be dismissed.

**IV.    Plaintiff Fails to State a Valid Claim for Invasion of Privacy (Tortious Intrusion on Seclusion) (Count I) on Its Face Since Such Alleged Conduct Is Not Highly Offensive to a Reasonable Person and Fails to State a Claim Under the Statute of Limitations**

In order to state a valid claim for invasion of privacy based on a theory of intrusion upon the seclusion of another, Plaintiff must prove:  (1) the existence of a secret and private subject matter; (2) a right in the Plaintiff to keep that subject matter private; and (3) the obtaining by Defendant of information about that subject matter through unreasonable means.  *St. Anthony's Med. Ctr. v. H.S.H.*, 974 S.W.2d 606, 609 (Mo. App. 1998) (citing *Corcoran v. Southwestern Bell Telephone Co.*, 572 S.W.2d 212, 215 (Mo. App. 1978).  Moreover, the intrusion must be highly offensive to a reasonable person.  *Sofka v. Thal*, 662 S.W.2d 502, 510 (Mo. banc 1983).  A five-year statute of limitations applies to such cause of action.  Mo. Rev. Stat. § 516.120(4).

Plaintiff's claim for invasion of privacy also fails as a matter of law since Plaintiff and Defendant were in a romantic relationship at the time of the alleged access., creating a reasonable inference that Plaintiff was aware of Defendant's access, and gave actual consent, whether expressly or constructively, to such access.  *See Anzaldua v. Ne. Ambulance & Fire Protection Dist.*, 978 F.Supp.2d 1016 (E.D.Mo. 2013), *on reconsideration in part*, No. 4:13CV01257 ERW, 2014 WL 466234 (E.D.Mo. Feb. 5, 2014), *aff'd in part, rev'd in part and remanded*, 793 F.3d 822 (8th Cir. 2015).  Moreover, on its face, even if Plaintiff's allegations were taken as true (which Defendant denies), they are not highly offensive to a reasonable person.  It is not uncommon for a spouse to access another spouse's iPad and iPhone when their marriage is allegedly deteriorating (*see* Petition, ¶ 1).  Stating that such allegations would be "highly offensive to a reasonable person," would open the floodgates of litigation if such claims were allowed.

Lastly, for the same reasons set forth above, Plaintiff's allegation that the purported access happened "during the course of the" 21-year marriage, is barred by the five-year statute of limitations.  Mo. Rev. Stat. § 516.120(4); Petition, ¶¶ 1, 7.

For the foregoing reasons, Count I of Plaintiff's Petition should also be dismissed.

## **CONCLUSION**

Plaintiff fails to adequately plead the requisite elements of the three causes of actions set forth in her Petition.  Accordingly, Defendant respectfully requests that the Court enter an Order granting his Motion to Dismiss, dismissing Plaintiff's Petition in its entirety, awarding Defendant his attorneys' fees and costs incurred in filing this motion, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:    /s/ Tina N. Babel
Tina N. Babel, #58247MO
Lindsay Leible Combs, #63963MO
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
tnb@carmodymacdonald.com
ltl@carmodymacdonald.com

Attorneys for Defendant David R. Porter

- 9 -

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 21, 2019, the foregoing was filed with the Clerk of Court electronically, to be served by operation of the Court's electronic filing system upon the following:

    Teresa Dale Pupillo / Amy E. Oslica
    Blitz, Bardgett & Deutsch, L.C.
    120 South Central Avenue, Suite 1500
    St. Louis, Missouri 63105
      Attorneys for Plaintiff

                                              /s/ Tina N. Babel