IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA L. PORTER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 4:19-cv-02350-SPM |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DAVID R. PORTER, ) | |
| ) | |
|     Defendant. ) | |

**ANGELA L. PORTER'S RESPONSE TO DAVID R. PORTER'S MOTION TO DISMISS**

Plaintiff Angela L. Porter ("Angela") hereby responds to Defendant David R. Porter's ("David") Motion to Dismiss her Petition as follows:

**BACKGROUND AND INTRODUCTION**

Angela brings this action in response to David's willful and unreasonable violation of not only her privacy but also state and federal law. During the time they were married, Angela and David agreed to maintain confidentiality over their own personal, separate electronic devices (*i.e.*, phones and tablets). Petition (ECF 3) ¶1. To that end, Angela kept her phone and tablet in a secure, locked storage area in her closet to which she did not give David authorization or permission to enter. *Id*. ¶¶1, 6. Angela wished to maintain the confidentiality of her personal communications, and at no point did she give access to her devices or share her passwords with anyone, including David. *Id*. ¶¶1, 6, 15. David, however, did not respect her wishes or her privacy. He surreptitiously gained access to her locked storage space without her knowledge or permission, removed and hacked her devices, and changed the settings so that he could intercept and monitor her private communications (including text messages and emails) with friends, relatives, and business associates. *Id*. ¶¶1, 7–9, 11. He also used information gained from spying on Angela to conceal from her his own extravagant spending. *Id*. ¶¶9–10. After

1

discovering David's illicit conduct, Angela had to spend thousands of dollars investigating and remedying his actions, including having to buy new electronic devices to replace the ones David hacked. *Id*. ¶¶20, 27, and 35.

Angela brings three claims against David: (1) invasion of privacy (tortious intrusion on seclusion) under Missouri common law; (2) violations of the Missouri Computer Tampering Act ("MCTA"); and (3) violations of the federal Computer Fraud and Abuse Act ("CFAA"). David moves to dismiss each count. David's motion fails for the following reasons:

- David's argument that Angela's claims are time-barred because his illegal conduct "could have" occurred outside the relevant limitations periods has no merit. A statute of limitations defense is an affirmative defense for which David has the burden of proof. Angela has no burden to plead that his illegal activity occurred within a certain time period. Dismissing on limitations grounds would require the Court to make a factual determination of when her claims accrued—*i.e.*, when she discovered David's spying—which it may not do on a motion to dismiss. *See* Section I *infra*.

- David's argument that Angela has not suffered compensable losses under the CFAA has no merit. Courts recognize the cost of replacing equipment necessitated by prohibited conduct is a "loss" under the CFAA, and David cites **no** authority whatsoever holding otherwise. Further, it is undisputed that cost of investigating and remedying David's illegal conduct is a covered loss. *See* Section II *infra*.

- David's argument that he cannot be liable under the MCTA because Angela's phone and tablet were "marital property," and thus he cannot have committed an offense because he was an "owner" of the devices he hacked, is devoid of any legal support or merit. The sole statute on which he relies, R.S.Mo. 452.330.2, explicitly states its definition of

2

"marital property" applies **only** in the context of dividing property upon the dissolution of the marriage. By its own terms, it is completely irrelevant to whether David can be liable for violating the MCTA. *See* Section III, *infra*.

- David's argument that he cannot have committed invasion of privacy because his marriage to Angela creates a "reasonable inference of consent" to his tortious conduct is not only unsupported, it is contrary to Missouri and Eighth Circuit law. Angela's Petition makes perfectly clear that in no way authorized or consented to David accessing her phone or tablet, and in fact went to great lengths to keep him from doing so. His secondary argument that his conduct was inoffensive because people in romantic relationships spy on each other all the time likewise is devoid of reason, logic, or any legal authority. Given the lengths to which Angela went to maintain her privacy, David's ongoing breach of her trust and disrespect for her autonomy is highly offensive. Perhaps the only thing more offensive is David's belief that his being married to Angela gave him the right to go against her wishes and spy on her. *See* Section IV, *supra*.

- Finally, David's argument that punitive damages are not allowed under the CFAA is flawed. Courts have allowed them in cases where plaintiffs have brought CFAA claims. David cites no controlling authority whatsoever, and one of the cases he cited actually rejected the notion that compensatory and punitive damages are unavailable under the statute. In any event, dismissing a request for punitive damages is inappropriate on a Rule 12(b)(6) motion, which allows only for the dismissal of **claims**, not specific requests for relied. *See* Section V, *infra*.

As explained herein, the Court should deny David's motion.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Miller v. DNJ Intermodel Services, LLC*, No. 13-80-SPM, 2013 WL 6159116, *1 (E.D. Mo. Nov. 25, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 2009)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (citing *Iqbal*, 556 U.S. at 678). "In ruling on a motion to dismiss, the court must view the allegations in the complaint liberally in the light most favorable to Plaintiff." *Krakowski v. American Airlines, Inc.*, 927 F.Supp.2d 769, 771 (E.D. Mo. 2013) (Ross, J., citation omitted). The Court also must take all factual allegations as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "[A]s a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Krakowski*, 927 F.Supp.2d at 772 (citation and internal quotations omitted). "The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim." *Id*. (citation omitted).

**ARGUMENT**

**I.      Angela's Claims Are Timely.**

David argues each of Angela's claims should be dismissed because they supposedly are time-barred. *See* ECF 9 at 4–5 (CFAA claim), 6 (MCTA claim), and 8 (invasion of privacy claim). The crux of his argument is: (1) Angela alleges David illegally accessed her phone and tablet to intercept her confidential communications "during the course of the marriage," and (2) because Angela and David had been married since 1998, his illegal activities "**could have been**

4

many years prior to the filing" of the Petition. *Id*. at 4–5 (emphasis added, citing Petition ¶¶1, 7). David's statute of limitations argument has no merit whatsoever.

A statute of limitations defense is an affirmative defense for which David has the burden of proof. *Metropolitan St. Louis Equal Housing Opportunity Council v. Tillman*, No. 07-4114, 2007 WL 3046585, *1 (W.D. Mo. Oct. 16, 2007) (citing *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103–04 (8th Cir. 2002)).  Angela "is not required to plead facts specific to defeating [a] statute of limitations affirmative defense." *Id*.  Dismissal on statute of limitations grounds is appropriate "only if the complaint **on its face** is **conclusively** time-barred and 'no reasonable person could disagree on the date' on which the cause of action accrued." *Krakowski*, 927 F.Supp.2d at 773 (emphasis added, quoting *Tillman*, 2007 WL 3046586 at *1); *Gray v. Fedex Ground Package Sys., Inc.*, No. 06-422-JAR, 2011 WL 6260435, *2 (E.D. Mo. Dec. 15, 2011) (same).

Here, the Petition does not show Angela's claims are "conclusively time-barred." *Krakowski*, 927 F.Supp.2d at 773.  While some violations "**could have** been" performed outside the limitations periods (ECF 9 at 5 (emphasis added)), they also could have been performed within them.  Angela has no obligation to plead precisely when they occurred or when she learned of them, *Garrett v. Cassity*, No. 09-1252-ERW, 2010 WL 2540748, *5 (E.D. Mo. June 17, 2010); *Tillman*, 2007 WL 3046585 at *1, and David's argument is based entirely on speculation.  Dismissing Angela's claims on limitations grounds would "require[] the [C]ourt to make fact-dependent determinations as to when the injury occurred and when [Angela] knew, or should have known, about the injury," which it may not do on a motion to dismiss.  *Tracy v. Telemetrix, Inc.*, No. 12-359, 2012 WL 3383229, *1 (D. Neb. May 3, 2016).  The "absence of

5

sufficient facts to determine whether [Angela's] claims are time-barred" means that David's Motion "must be denied on this point." *Garrett*, 2010 WL 2540748 at *5.

*Tactical Personnel Leasing, Inc. v. Hajduk*, No. 18-203, 2018 WL 4740195 (W.D. Pa. Oct. 2, 2018), on which David relies, is inapposite. There, the plaintiff "d[id] not dispute that the pleaded acts" occurred outside the statute of limitations. *Id*. at *4. Here, the allegations do not conclusively show Angela learned of David's illegal activities more than 2 (or 5) years before she brought this action. There are no grounds for dismissal.

Moreover, the relevant statutes of limitations do not begin to run from the date David committed his illegal and tortious activities, but rather from the date Angela learned she had been damaged thereby. *Sewell v. Bernardin*, 795 F.3d 337, 340–41 (2d Cir. 2015) (CFAA statute of limitations period begins to run when plaintiff learns of damages covered by statute); R.S.Mo. §516.100 ("[a] cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained"). David's argument does not address relevant case law as to when the statute of limitations begins to run, but instead he appears to take the position that Angela's claim should be dismissed because he was able to hide his illegal and tortious activities for a significant period of time. Dismissal is inappropriate.

David would have this Court dismiss Angela's claims on the notion that some of his illegal activities **may have** occurred outside the relevant limitations periods. The law does not allow dismissal on such hypothetical speculation. The Court should deny the Motion.

6

**II.     Angela Seeks To Recover Compensable Losses And Thus States A CFAA Claim.**

David argues Angela's CFAA claim should be dismissed because, he claims, she does not meet the statute's minimum $5,000.00 "loss" requirement.  ECF 9 at 3–4.  Specifically, he claims that purchasing new electronic equipment does not amount to a "loss" under the statute.  Once again, his argument fails.

First, David is incorrect that purchasing new equipment necessitated by his CFAA violation cannot be a covered loss.  Losses under the CFAA include **any** "direct costs of responding to a violation or assessing the damage done."  *Teva Pharmaceuticals USA, Inc. v. Sandhu*, 291 F.Supp.3d 659, 674 (E.D. Pa. 2018); *see also* 18 U.S.C. §1030(e)(11) ("the term 'loss' means **any** reasonable cost to any victim") (emphasis added).  Such losses include the cost of purchasing replacement equipment necessitated by a defendant's illegal activity.  In *Sachdev v. Sing*, No. 15-7114, 201 WL 768861, *10 (S.D.N.Y. Feb. 26, 2016), the defendant argued (as David does here) that the plaintiff's CFAA claim should be dismissed for failure to plead a statutory loss.  The court rejected that argument because the plaintiff alleged "that due to the hacking, he … had to **purchase new devices** – *i.e.*, that his systems' integrity was impaired – and had to install a firewall to prevent malware from continuing to send information out of his computer."  *Id*. (emphasis added).  The plaintiff thus had "sufficiently alleged loss and damage."  *Id*.; *see also U.S. v. Sullivan*, 40 Fed. Appx. 740, 744 (4th Cir. 2002) (cost of replacing memory cards was a covered loss under the CFAA).[1]

The cases on which David relies provide no support for his argument.  None of them involved a plaintiff claiming losses for replacing electronic equipment.  *See Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. Appx. 559, 562–63 (2d Cir. 2006) (seeking to recover for lost profits

---

[1] Although *Sullivan* involved a criminal violation of the CFAA, not a civil violation, the definition of "loss" is the same in either type of case.

7

due to misappropriation of confidential data); *Jarosch v. Am. Family Mut. Ins. Co.*, 837 F.Supp.2d 980, 1021–23 (E.D. Wisc. 2011) (seeking to recover for security personnel's time investigating defendant's violations); *Global Policy Partners, LLC v. Yessin*, 686 F.Supp.2d 642, 647 (E.D. Va. 2010) (seeking to recover for "lost time" spent investigating and responding to CFAA violations). Moreover, none of these cases examined whether allegations of losses arising from replacing electronic equipment could state a claim at the pleadings stage. Rather, in each case, the court found the plaintiff failed to offer sufficient evidence to **prove** their claims, either at summary judgment or after trial. *Nexans Wires*, 166 Fed. Appx. at 561, 562–63 (affirming grant of summary judgment where it was "undisputed that no interruption of service occurred" that would allow for recovery of lost business profits); *Jarosch*, 837 F.Supp.2d at 984, 1022–23 (plaintiff did not prove in bench trial that investigation "in furtherance of this litigation" was "related to the impairment or damage to a computer or computer system"); *Global Policy Partners*, 686 F.Supp.2d at 651–52 (plaintiff adduced no evidence at trial to prove her time spent responding to defendant's violations). In short, David cites no authority whatsoever in arguing that having to replace electronic equipment cannot qualify as a loss under the CFAA.

Second, the cost of replacing her electronic equipment is not the only loss Angela alleges. She also incurred "costs associated with investigating and remedying the results of [David's] conduct." Petition ¶20. It is undisputed that such costs are covered losses. *Estes Forwarding Worldwide LLC v. Cuellar*, 239 F.Supp.3d 918, 927–28 (E.D. Va. 2017); *Teva Pharmaceuticals*, 291 F.Supp.3d at 674. David acknowledges Angela's allegation (ECF 9 at 3–4) but does not address it at all, thereby implicitly admitting she has alleged a covered loss. In short, even if David was right that replacing electronic equipment was not a covered loss under the CFAA (and

he is not, as discussed above), Angela still has alleged a covered loss for the costs of investigating and remedying his illegal activity, and thus has stated a CFAA claim.

### III. Missouri's Marriage Dissolution Statute Does Not Exempt David From Liability Under The MCTA.

Next, David argues he cannot be liable under the MCTA because he is an "owner" of his wife's phone and tablet under Missouri's joint property statute, R.S.Mo. §452.330.2, and thus could not have accessed them illegally. ECF 9 at 6. Once again, David's argument has no merit.

Tellingly, David cannot cite a single case in support of his flawed argument. Instead, he relies solely on R.S.Mo. §452.330.2, which deals exclusively with the disposition of property and debts upon the dissolution of a marriage. ECF 9 at 6. The statute explicitly states: "**[f]or purposes of sections 452.300 to 452.415 only**, 'marital property' means all property acquired by either spouse subsequent to the marriage[.]" R.S.Mo. 452.330.2. By its plain language, the statute applies **only** for the purposes of divorce proceedings, not it any other context, and certainly not for defining who can violate the MCTA. If the Missouri legislature intended that spouses could not be liable under the MCTA, it would drafted the statute to say so. It did not. David's unsupported, completely erroneous argument simply grasps at straws. The Court should deny the motion.

### IV. David's Conduct Is Highly Offensive And Is The Basis For a Valid Invasion Of Privacy Claims.

David argues Angela's invasion of privacy claim should be dismissed because (1) there was a "reasonable inference that [Angela] was aware of [David's] access, and gave actual consent," and (2) David's conduct was not actually offensive. ECF 9 at 7. Neither point holds water.

First, there is no authority supporting David's argument that Angela automatically consented to his accessing the phone and tablet she literally kept under lock and key simply

9

because they were married at the time of his illegal actions. The sole case he cites, *Anzaldua v. Nebraska Ambulance & Fire Protection District*, 978 F.Supp.2d 1016, 1030–31 (E.D. Mo. 2013), is completely inapposite. There, the plaintiff alleged the defendant had learned his email password while they were in a previous relationship and later used that knowledge to access his email account without his knowledge. *Id*. There were no allegations the plaintiff had done anything to prevent the defendant from learning his passwords or accessing his email during the course of his relationship, or that she learned his passwords through surreptitious means. *Id*. Here, by contrast, Angela explicitly alleges David "accessed [her] cell phone and computer tablet without her knowledge or authorization" (Petition ¶¶1, 7), that she kept her tablet in a locked closet to which David did not know the combination (*id*. ¶6), that David obtained access to this locked space without her knowledge or consent (*id*. ¶7), that he never had permission to access the information on her phone or tablet or read her texts, emails, and other communications (*id*. ¶12), and that she "purposely did not give access to her electronic devices and did not disclose her passwords to others, including [David], in order to maintain the confidentiality of her information and communications" (*id*. ¶15). The only "reasonable inference" these allegations create is that Angela went to great lengths to keep David from accessing her private, confidential information, and he did so anyway without her permission. Under the circumstances, any reasonable person would deem his conduct highly offensive.

Further, David's "reasonable inference of consent" is inconsistent with Missouri law. In *Lee v. Lee*, 967 S.W.2d 82, 85 (Mo. App. W.D. 1998), the Missouri Court of Appeals held that Missouri's wiretap statute (R.S.Mo. §542.402) prohibits one spouse from intercepting the other spouse's communications—just as David did here. The Eighth Circuit likewise has held that people who spy on their spouses violate the federal wiretap statute, 18 U.S.C. §2511. *Kempf v.*

10

*Kempf*, 868 F.2d 970, 972–73 (8th Cir. 1989). The courts could not have done so if there truly was an "inference of consent" for spouses to access each other's devices and spy on their private communications, as David contends.

Second, it is inappropriate to hold at the motion to dismiss stage that the conduct alleged cannot be "highly offensive" as a matter of law. *Philips v. Citimortgage, Inc.*, 430 S.W.3d 324, 331–32 (Mo. App. E.D. 2014). In *Philips*, the trial court held that conduct alleged by the plaintiff to be a tortious intrusion upon her seclusion could not support a claim because it simply was not offensive. *Id*. at 331. The Missouri Court of Appeals reversed, holding that the trial court "conducted an impermissible review of the allegations as to their substantive merit, rather than simply determining whether the allegations stated a cause of action." *Id*. Even *Sofka v. Thal*, 662 S.W.2d 502, 510 (Mo. banc 1983), which David cites, did not involve dismissal on the pleadings. Rather, the court held the **evidence** offered at **summary judgment** could not sustain an invasion of privacy claim. *Id*.

Moreover, David's conclusory argument that "[i]t is not uncommon for a spouse to access another spouse's iPad and iPhone when their marriage is allegedly deteriorating" (ECF at 7) (for which he does not even attempt to offer a citation) is as ridiculous as it is unsupported. However other married couples may conduct themselves in their relationship, the Petition clearly alleges that Angela and David chose to not share their passwords and devices with **anyone**, including each other. Petition ¶¶6, 15. Angela abided by this arrangement and respected David's privacy. David did not. His conduct goes beyond mere curiosity—he accessed a locked storage space to which he did not have the combination without Angela's permission, hacked into her phone and tablet, spied on her private communications, and used his illicit access to her devices to conceal his extravagant spending. *Id*. ¶¶7–9. David violated Angela's trust and

11

privacy, without regard for her autonomy or agency as a person.  If that is not "highly offensive," nothing could be.  In short, David's argument has no place in modern society, and the Court should reject it.

## V.     Dismissing Angela's Punitive Damages Claim Under The CFAA Would Be Inappropriate.

David also asks the Court to dismiss Angela's claim for punitive damages under the CFAA, claiming they are not available under the statute.  ECF 9 at 5.  Dismissal would be inappropriate.  First, while some courts have held they are not available, others have awarded punitive damages where the plaintiff has brought a CFAA claim.  *Epic Systems Corp. v. Tata Consultancy Services Ltd.*, No. 14-748, 2019 WL 1320297, *2–3, 6–7 (W.D. Wisc. Mar. 22, 2019); *Am. Online, Inc. v. Nat'l Health Care Discount, Inc.*, 174 F.Supp.2d 890, 892, 900–02 (N.D. Iowa 2001).  Second, David cites no Eighth Circuit authority, and the cases he cites from other circuits are not binding on this Court.  Further, one of the cases he cites, *Garland-Sash v. Lewis*, 348 Fed. Appx. 641, 642 (2d Cir. 2009), actually **reversed** the district court that held compensatory and punitive damages were not available under the CFAA.  Third, David has moved to dismiss under Rule 12(b)(6).  That rule allows for the dismissal of claims, not striking requests for a particular form of damages, and the relief David requests simply is not available under the motion he has filed.  *See New York Pizzeria, Inc. v. Syal*, 56 F.Supp.3d 875, (S.D. Tex. 2014) (declining to dismiss claim for punitive damages under the CFAA on a 12(b)(6) motion).  The Court should deny David's request to strike Angela's punitive damages claim.

## VI.    If The Court Grants The Motion, It Should Grant Leave To Re-Plead.

If the Court does dismiss the Petition, in whole or in part, it should grant leave to re-plead.  *See* Fed. R. Civ. P. 15(a)(2) ("The Court should freely grant leave [to amend] when justice so requires."); *Marion v. Rehabworks, Inc.*, 206 F.R.D. 643, (E.D. Mo. 2001) ("Unless

there is a good reason for denial, "such as undue delay, bad faith, or prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'") (citation omitted). Dismissal with prejudice would be inappropriate in light of the Rules' policy of liberally granting leave to amend.

## CONCLUSION

David's arguments in favor of dismissal are completely unsupported by legal authority and, in some respects, offensive.  The Court should deny his motion.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: */s/ Teresa Dale Pupillo*
Teresa Dale Pupillo, #42975MO
Stephen Hoeplinger, #66879MO
120 South Central Ave., Suite 1500
St. Louis, Missouri 63105
(314) 863-1500
(314) 863-1877 (facsimile)
tpupillo@bbdlc.com
shoeplinger@bbdlc.com

*Attorneys for Plaintiff Angela L. Porter*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system on this 28th day of August, 2019.

*/s/ Teresa Dale Pupillo*