IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA L. PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:19-cv-02350-SPM |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| DAVID R. PORTER, | ) |
| | ) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Angela Porter, for her First Amended Complaint against Defendant David Porter, states as follows:

**Introduction**

1. In approximately 1989, Angela Porter, who was then the owner of a dog grooming salon, developed the idea for a dog grooming tool, which ultimately became known as the Furminator. Her years of working as a groomer allowed her to develop the initial prototype of the Furminator and subsequent modifications of that prototype that allowed it to be successfully taken to market. Angela Porter married David Porter in 1998 and they subsequently sold the Furminator for a significant sum of money. Unfortunately, after the sale of the Furminator, the Porters' marriage began to deteriorate. David Porter began to make extravagant purchases and invested large sums of money in an unsuccessful business without Angela Porter's knowledge. In an effort to conceal his actions and manipulate Angela Porter in both business and personal matters, David Porter surreptitiously accessed Angela Porter's cell phone and computer tablet without her knowledge or authorization. David Porter monitored her texts and emails with friends, relatives and business associates for months, if not years, without her

1

knowledge or authorization, in violation of the federal Computer Fraud and Abuse Act, the Missouri Computer Tampering Act and Missouri common law.

**Parties, Jurisdiction and Venue**

2. At all times relevant herein, Angela Porter has been a resident of St. Louis County, Missouri.

3. At all times relevant herein, David Porter has been a resident of St. Louis County, Missouri.

4. Jurisdiction in this Court is proper as the Court has original jurisdiction pursuant to 28 U.S.C. §1331 with respect to Counts III and IV herein.

5. Venue is proper under 28 U.S.C. §1391(b) in that David Porter resides within this District and the events giving rise to Angela Porter's causes of action occurred within this District.

**Facts Relevant to All Counts**

6. During the time of the Porters' marriage, David and Angela Porter had separate closets and each closet contained a locked area in which they could store valuables. Angela Porter did not provide the combination to her locked space to David Porter and she did not know the combination to his space. Angela Porter stored an Apple iPad in the locked part of her closet.

7. During the course of the marriage, David Porter, without Angela Porter's knowledge or consent, obtained the combination to her locked storage space and removed the iPad. David Porter, without authorization and through the use of one or more electronic devices or apparatuses, accessed the iPad and changed the settings so that he could monitor Angela Porter's texts, emails and other electronic communications on her iPad and her iPhone.

8. Angela Porter used her iPhone to communicate with friends, family members and business associates and David Porter accessed and reviewed those communications without her knowledge or consent for months, if not years.

9. David Porter utilized knowledge gained from monitoring Angela Porter's communications to gain an advantage in personal and business matters and to conceal that he was making extravagant purchases, including expensive automobiles, from Angela Porter.

10. David Porter also used knowledge he gained from reviewing Angela Porter's electronic communications to conceal the fact that he was investing large sums of money in Popticals, an unsuccessful business started by David Porter.

11. Angela Porter ultimately discovered that David Porter had taken the iPad and was monitoring her communications. When she confronted him about his wrongdoing, he admitted to taking the iPad and reading Plaintiff's personal communications, including text messages and emails.

12. At no point did David Porter have permission to access the information on Angela Porter's iPad and/or iPhone or read her texts, emails and other electronic communications.

**COUNT I – INVASION OF PRIVACY (TORTIOUS INTRUSION ON SECLUSION)**

13. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 12 as if fully set forth herein.

14. The information, documents and electronic communications on Angela Porter's iPad and iPhone were of a secret and private subject matter.

15. Angela Porter purposefully did not give access to her electronic devices and did not disclose her passwords to others, including David Porter, in order to maintain the confidentiality of her information and communications.

16. Angela Porter had the right to keep the information on her iPad and iPhone and her electronic communications private.

17. David Porter intentionally accessed the information on Angela Porter's iPad and iPhone and monitored her electronic communications.

18. David Porter obtained the information on Angela Porter's iPad and iPhone and her electronic communications in an unreasonable manner.

19. David Porter's unauthorized access to the information on Angela Porter's iPad and iPhone was substantial and of a kind that would be highly offensive to the ordinary person.

20. As a result of David Porter's conduct, Angela Porter has suffered damages, including but not limited to purchasing new electronic equipment and costs associated with investigating and remedying the results of David Porter's conduct.

21. David Porter's conduct was outrageous in that he possessed an evil motive and reckless indifference to the rights of Angela Porter and she is therefore entitled to a punitive damages award.

WHEREFORE, Angela Porter respectfully requests that the Court enter judgment in her favor and against David Porter on Count I of the Petition, in an amount no less than $25,000.00, as well as punitive damages and attorneys' fees, and for any other and further relief as the Court deems just and proper.

**COUNT II – VIOLATIONS OF THE MISSOURI COMPUTER TAMPERING ACT**

22. Angela Porter incorporates by reference the allegations in Paragraphs 1 through 21 as if fully set forth herein.

23. David Porter intentionally accessed Angela Porter's iPad, iPhone and electronic communications in order to examine information about Angela Porter.

4

24. Additionally, David Porter received, retained, used, and/or disclosed data obtained in violation of the Missouri Computer Tampering Act, Mo. Rev. Stat. §§ 537.525 and 569.095 *et seq.*

25. At no point did David Porter have authorization to access the information on Angela Porter's iPad and iPhone or alter her settings so that he could obtain such information.

26. David Porter knew that he did not have, or, alternatively, did not have reasonable grounds to believe that he had, authorization to access the information on Angela Porter's iPad and iPhone.

27. As a result of David Porter's conduct, Angela Porter has suffered damages including, but not limited to, purchasing new electronic equipment and costs associated with investigating and remedying the results of David Porter's conduct.

28. David Porter's conduct was outrageous in that he possessed an evil motive and reckless indifference to the rights of Angela Porter and she is therefore entitled to a punitive damages award.

29. Mo. Rev. Stat. § 537.525(2) permits an award of attorneys' fees to Angela Porter.

WHEREFORE, Plaintiff Angela Porter respectfully requests that the Court enter judgment in her favor and against Defendant David Porter on Count II of the Petition, in an amount no less than $25,000.00 as well as punitive damages and attorneys' fees incurred herein, and for any other and further relief as the Court deems just and proper.

**COUNT III – VIOLATIONS OF FEDERAL COMPUTER FRAUD AND ABUSE ACT**

30. Angela Porter incorporates by reference the allegations in Paragraphs 1 through 29 as if fully set forth herein.

31. Angela Porter's iPad and iPhone were used in interstate commerce and/or communication.

32. Accordingly, Angela Porter's iPad and iPhone were protected computers under 18 U.S.C. § 1030(e)(2).

33. David Porter intentionally accessed Angela Porter's iPad and iPhone without authorization.

34. David Porter obtained information from Angela Porter's iPad and iPhone.

35. As a result of David Porter's conduct, Angela Porter has suffered damages and loss aggregating at least $5,000.00 in value, including, but not limited to, purchasing new electronic equipment and costs associated with investigating and remedying the results of David Porter's conduct.

36. David Porter's conduct was outrageous in that he possessed an evil motive and reckless indifference to the rights of Angela Porter and she is therefore entitled to a punitive damages award.

WHEREFORE, Plaintiff Angela Porter respectfully requests that the Court enter judgment in her favor and against Defendant David Porter on Count III of the Petition, in an amount no less than $25,000.00, as well as punitive damages and attorneys' fees, and for any other and further relief as the Court deems just and proper.

### COUNT IV – VIOLATIONS OF FEDERAL WIRETAP ACT

37. Angela Porter incorporates by reference the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38. Angela Porter used her iPad and iPhone to engage in interstate commerce and/or communication.

39.   David Porter intentionally used an electronic device to intercept wire, oral, or electronic communications Angela sent and received through her iPad and iPhone, in violation of 18 U.S.C. §2511(1)(a).

40.   Neither Angela nor any other party to these communications permitted or authorized David Porter to intercept the communications.

41.   As a result of David Porter's conduct, Angela Porter has suffered damages including, but not limited to, purchasing new electronic equipment and costs associated with investigating and remedying the results of David Porter's conduct.

42.   David Porter's conduct was outrageous in that he possessed an evil motive and reckless indifference to the rights of Angela Porter and she is therefore entitled to a punitive damages award.

43.   18 U.S.C. §2520(b)(3) permits an award of attorneys' fees.

WHEREFORE, Plaintiff Angela Porter respectfully requests that the Court enter judgment in her favor and against Defendant David Porter on Count IV of the Petition, in an amount no less than $25,000.00, as well as statutory penalties, punitive damages, and attorneys' fees, and for any other and further relief as the Court deems just and proper.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: <u>*/s/ Teresa Dale Pupillo*</u>
Teresa Dale Pupillo, #42975MO
Stephen M. Hoeplinger, #62384MO
120 S. Central Ave., Suite 1500
St. Louis, Missouri 63105
(314) 863-1500
(314) 863-1877 (facsimile)
tpupillo@bbdlc.com
shoeplinger@bbdlc.com

*Attorneys for Plaintiff Angela Porter*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system on this 11th day of September, 2019.

<u>*/s/ Teresa Dale Pupillo*</u>